

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF OREGON

**Thomas M. Renn**
Chief Bankruptcy Judge

405 E EIGHTH AVENUE, #2600
EUGENE, OREGON 97401
(541) 431-4050

Jonni R. Paulsen
Judicial Assistant

Catherine E. Jedlicka
Law Clerk

February 4, 2022

*ECF ONLY*

Ms. Amber L. Labrecque
ZBS Law, LLP
5 Centerpointe Dr., #400
Lake Oswego, OR 97035

Mr. Keith D. Karnes
Rank & Karnes Law P.C.
2701 12th Street SE
Salem, OR 97302

Re: Jeffrey Lynn Hoffmann; Case No. 21-60794-tmr13
Motion for Relief from Stay: West Coast Servicing, Inc.

Counsel:

Movant West Coast Servicing, Inc., filed a motion for relief from stay (Doc. #18) seeking to allow it to foreclose its lien against Debtor Jeffrey Hoffmann's residence. Movant asserts defaults of approximately $7,000 based on payments missed after the bankruptcy filing. Debtor's confirmed plan requires Debtor to make regular payments that come due after the bankruptcy filing directly to West Coast Servicing (Doc. #2). Debtor does not dispute either that treatment or the asserted defaults. As requested by Movant, I will rule on the motion based on the submissions.

Relief from the automatic stay may be granted "for cause" under 11 U.S.C. § 362(d). "Cause" is not defined in the Bankruptcy Code, but the bankruptcy court must decide whether it exists on a case-by-case basis. *See MacDonald v. MacDonald (In re MacDonald)*, 755 F.2d 715, 717 (9th Cir. 1985); *Christensen v. Tucson Estates, Inc. (In re Tucson Estates, Inc.)*, 912 F.2d 1162, 1166 (9th Cir. 1990). The Ninth Circuit has held that bankruptcy courts have "wide latitude" in granting relief from stay. *See Mataya v. Kissinger (In re Kissinger)*, 72 F.3d 107, 109 (9th Cir. 1995), citing *Schwartz v United States (In re Schwartz)*, 954 F.2d 569, 572 (9th Cir. 1992).

West Coast Servicing claims I should find cause based solely on Debtor's failure to make the direct payments. It also presses for an immediate ruling based on the moving papers and without further evidence. I will therefore focus on that argument. Movant is correct that failure to make payments can amount to cause in some cases. *See Ellis v. Parr (In re Ellis)*, 60 B.R. 432, 435 (9th Cir. BAP 1985). But it may not be cause in other cases. *See In re McCollum*, 76 B.R. 797, 799 (Bankr. D. Or 1987) (appropriate for stay to continue). A court must make the determination within the wide latitude discussed by the Circuit in the context of each case.

In this case, Debtor has failed to make direct monthly payments for the months May 2021 through December 2021, at which point the loan matured and monthly payments were no longer required. The May, June, and July payments were due prior to confirmation of Debtor's plan on July 6, 2021, but Movant did not raise the defaults or object to confirmation prior to entry of the order confirming the plan. The confirmed plan requires Debtor to sell or refinance his residence no later than May 2025. Such a sale or refinance would satisfy the West Coast Servicing loan balance.

All parties including secured creditors and the debtor are bound by the terms of a confirmed plan. *See Anaheim Sav. & Loan Ass'n v. Evans (In re Evans)*, 30 B.R. 530, 531 (9th Cir. BAP 1983) (creditor not entitled to relief from stay absent default after confirmation). Plan confirmation will bind the parties on issues of adequate protection, lack of equity, and necessity for a successful rehabilitation. *See Evans*, 30 B.R. at 531. Under the terms of his confirmed plan, Debtor has until May 2025 to sell or refinance his residence. Considering the extended time given Debtor to sell or refinance, five missed post-confirmation payments totaling about $3,400, by itself, is not enough to constitute cause to grant relief from stay.

According to counsel, Debtor may have other problems with performing under the plan and may need to file a modified plan to address those concerns. Debtor will have to address those issues in a timely manner. The other issues raised by Debtor in defending this motion will be addressed in the pending adversary proceeding (Adv. Proc. No. 21-6041).

For the foregoing reasons, I will deny the motion for relief from stay. The denial will be without prejudice allowing Movant to make other arguments including those in the adversary proceeding or in objections to a potential modified plan. The court will draft and enter its own order denying the motion.

Very truly yours,

THOMAS M. RENN
Chief Bankruptcy Judge

TMR:jrp